UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-114 |
| JOVANTE MATTHEWS | SECTION "R" |

### ORDER AND REASONS

The indictment against defendant Jovante Matthews charges a sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The defendant moves to strike the sentencing enhancement under Federal Rule of Criminal Procedure 12(b)(1) and 12(b)(3)(B).[1] The government opposes this motion.[2] For the following reasons, the Court reserves ruling on this motion until sentencing.

### I. BACKGROUND

On May 9, 2024, Defendant Jovante Matthews was indicted on three counts.[3] Count three of the indictment charged Matthews with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and

---

[1] R. Doc. 32.
[2] R. Doc. 35.
[3] R. Doc. 1 at 1.

1

§ 924(a)(8).[4] Count three identifies Matthews's prior felony convictions, including three counts of simple robbery under La. Rev. Stat. § 14:65.[5] The indictment contains a sentencing enhancement under the ACCA, 18 U.S.C. § 924(e)(1), in which the government alleges that Matthews's previous felony offenses are violent felonies committed on occasions different from one another.[6]

Matthews moves to strike the sentencing allegation in the indictment, arguing that his prior convictions do not constitute violent felonies in light of recent holdings by the U.S. Supreme Court and the Fifth Circuit.[7] The Court considers the motion below.

## II.   LAW AND ANALYSIS

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), provides that a person who violates Section 922(g) and has three previous "violent

---

[4]   *Id.* at 2. The other two counts charged in the indictment are carjacking in violation of 18 U.S.C. § 2119(1), Count 1, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), Count 2. *Id.* at 1–2.
[5]   *Id.* Matthews' two other felony convictions are two counts of attempted possession of a firearm by a felon, obstruction of justice, possession of a firearm by a felon, and two counts of possession of a firearm. *Id.*
[6]   R. Doc. 1 at 2; R. Doc. 35 at 1.
[7]   R. Doc. 32-1 at 1.

felony" convictions committed on different occasions is subject to a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e)(1). The term "violent felony" means any crime punishable by imprisonment for over one year that "has an element [that includes] the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Whether a crime qualifies as a predicate offense—if it is a "violent felony" under the ACCA—is a question of law for the court to resolve. *United States v. Garrett*, 24 F.4th 485, 488 (5th Cir. 2022). Whether the offenses occurred on three occasions different from one another is a question of fact for the jury to determine. *Erlinger v. United States*, 602 U.S. 821, 835 (2024).

The Court reserves until sentencing the legal determination of whether simple robbery under Louisiana law qualifies as a violent felony under the ACCA in light of the Supreme Court's decision in *Borden v. United States*, 593 U.S. 420 (2021). If and only if defendant is convicted of being a felon in possession of a firearm in Count 3, the Court will hold a second phase of the trial in which it will submit to the jury the factual question of whether the defendant was convicted of three felony offenses that were committed on separate occasions. If and only if the jury finds that defendant committed

3

the three offenses on separate occasions will the Court determine as a matter of law at sentencing whether simple robbery under La. Rev. Stat. § 14:65 qualifies as a "violent felony" under the ACCA.

### III.  CONCLUSION

For the foregoing reasons, the Court reserves ruling on the legal question of whether simple robbery under Louisiana law qualifies as a violent felony under the ACCA until the time of sentencing.

New Orleans, Louisiana, this __11th__ day of June, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE