UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-114 |
| JOVANTE MATTHEWS | SECTION "R" |

### ORDER AND REASONS

The government submitted a notice of intent to use Federal Rule of Evidence 404(b) evidence of other crimes, wrongs, or acts in its case-in-chief.[1] Defendant Jovante Matthews contends that these prior acts are not relevant, and their use is more prejudicial than probative.[2] The Court finds evidence of one of Matthews's prior simple robbery convictions and his two prior convictions for felon in possession admissible for the limited purposes outlined below.

### I.   BACKGROUND

On May 9, 2024, Defendant Jovante Matthews was indicted on three counts.[3] Count 1 charged defendant with carjacking in violation of 18

---

[1]   R. Doc. 23.
[2]   R. Doc. 42.  Matthews also submitted a motion in limine to bar the government from offering evidence of or related to his prior felony convictions.  R. Doc. 52.
[3]   R. Doc. 1 at 1–2.

1

U.S.C. § 2119(1).[4]  Count 2 charged defendant with brandishing a firearm during and in relation to a crime of violence (carjacking) in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[5]  Count 3 charged defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(8).[6]  The indictment contained a sentencing enhancement under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act of 1984 ("ACCA"), in which the government asserted that Matthews has three previous convictions for violent felonies committed on occasions different from one another.[7]

The government seeks to present evidence of certain prior acts of defendant under Federal Rule of Evidence 404(b), contending they are relevant to each count of the indictment.  Defendant contends that the prior acts are not relevant, and their use is more prejudicial than probative under Federal Rule of Evidence 403.[8]  The Court considers the notice below.

## II.   LAW AND ANALYSIS

Federal Rule of Evidence 404(b) provides:

---

[4]    *Id.* at 1.
[5]    *Id.* at 2.
[6]    *Id.*
[7]    *Id.*
[8]    R. Doc. 42 at 2.

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b)(1)-(2). The Rule is "designed to guard against the inherent danger" that the evidence of other bad acts may lead a jury "to convict a defendant not of the charged offense, but instead of an extrinsic offense." *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007).

The phrase "crime, wrong, or other act" includes only those acts that are "extrinsic" to the crimes charged in the indictment. *See United States v. Crawley*, 533 F.3d 349, 353–54 (5th Cir. 2008). Evidence intrinsic to the charged offense does not implicate Rule 404(b). *Id.* at 354. "Other act" evidence is intrinsic when: (1) evidence of the other act is "inextricably intertwined" with evidence of the charged offense; (2) the charged offense and the other act are part of the same "criminal episode"; or (3) the other act was a necessary preliminary step toward completing the charged offense. *Id.* Accordingly, before deciding whether Rule 404(b) bars admitting certain evidence, a court must make an initial inquiry into the relationship between the evidence of the other act and the crimes charged in the indictment.

If the court determines that the challenged evidence is extrinsic to the charged offense, it must evaluate the admissibility of the proffered evidence under a two-part test. *United States v. Beechum*, 582 F.2d 898, 909–18 (5th Cir. 1978) (en banc); *see also United States v. Sumlin*, 489 F.3d 683, 690 (5th Cir. 2007). The threshold inquiry is whether there is sufficient evidence to show that the "other act" "was in fact committed and the defendant in fact committed it." *Beechum*, 582 F.2d 912; *see Sumlin*, 489 F.3d at 691 (5th Cir. 2007) ("[W]e first address the threshold question of whether the government offered sufficient proof that the defendant committed the alleged extrinsic offense."). The standard of proof is the same as for Rule 104(b), which requires the Court to "examine[] all the evidence in the case and decide[] whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Huddleston v. United States*, 485 U.S. 681, 690 (1988). Then, the court must determine whether the extrinsic evidence is "relevant to an issue other than the defendant's character," such as the defendant's motive, intent, or knowledge. *Beechum*, 582 F.2d at 911. The court refers to Federal Rule of Evidence 401, which provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

4

Fed. R. Evid. 401. The relevance of an extrinsic offense "is a function of its similarity to the offense charged," and similarity must be determined with respect to the particular issue to which the extrinsic offense is addressed. *Beechum*, 582 F.3d at 911.

Second, if the court determines that the evidence is relevant to another issue, the court must determine that the evidence "possess[es] probative value that is not substantially outweighed by its undue prejudice and . . . meet[s] the other requirements of rule 403." *Id.* Federal Rule of Evidence 403 permits courts to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In weighing the evidence under Rule 403, the court considers "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015) (quoting *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013)).

**A. Admissibility as to Count 1—Carjacking**

Here, the government seeks to use evidence that defendant has three prior simple robbery convictions where the underlying facts involved the armed taking of each victims' vehicle and/or property. It contends this evidence is relevant to knowledge and intent under the carjacking charge in Count 1.

The Court finds, and the government does not contest, that this evidence is extrinsic to Count 1. The conduct occurred before the charged crime, it is not "inextricably intertwined" with evidence of the charged offense, the acts were not part of the same "criminal episode" as the crime charged, and the acts were not a necessary preliminary step toward completing the charged offense. *See United States v. Crawley*, 533 F.3d 349, 353–54 (5th Cir. 2008). The Court will consider the government's argument that this extrinsic evidence is admissible under Rule 404(b).

First, Court determines whether the government offered sufficient evidence of the alleged extrinsic offenses. The government offers the three police incident reports and court records from the three robberies, all charged in case number 554-893 in Orleans Parish Criminal District Court. In each case, the proffered evidence reflects that an unknown perpetrator approached the victim, wielded a firearm and pointed it at the victim, and

demanded the victim's possessions.[9]  The government also offers evidence of Matthews's convictions of these offenses.[10]  The Court finds that these police incident reports, taken together with the state court convictions, provide sufficient evidence from which a jury could reasonably find, by a preponderance of the evidence, that Matthews committed the acts in issue and was convicted of the simple robberies.  *See* Fed. R. Evid. 104(b).

The Court next determines whether the extrinsic evidence is relevant to the defendant's knowledge and intent to commit carjacking.  When weighing whether extrinsic evidence can be used for intent, "the relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses."  *Beechum*, 582 F.2d at 911.  "Once it is determined that the extrinsic offense requires the same intent as the charged offense and that the jury could find that the defendant committed the extrinsic offense, the evidence satisfies the first step under rule 404(b)."  *Id.* at 913.

To prove carjacking, the government must prove that the defendant specifically intended to kill or seriously harm the driver.  18 U.S.C. § 2119; *Holloway v. United States*, 526 U.S. 1, 12 (1999); *see* Fifth Circuit Pattern Jury Instructions, 2024 Edition, Section 2.81.  Because specific intent is

---

9    R. Doc. 23-1 at 3; R. Doc. 23-2 at 3; R. Doc. 23-3 at 2.
10   R. Doc. 23-6 at 6.

7

difficult to prove, other circuits have held that "where the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent notwithstanding any defense the defendant might raise." *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994). "[B]ecause specific intent cannot be inferred from the charged conduct, other act evidence may be especially probative in cases where the defendant is charged with a specific intent crime." *United States v. Tan*, 254 F.3d 1204, 1212 n.8 (10th Cir. 2001); *see generally United States v. Roberts*, 619 F.2d 379, 383 (5th Cir. 1980) (allowing extrinsic evidence when it was "for crimes identical to those for which [defendant] was on trial[, and t]here was little other independent evidence of [specific] intent").

Given the similarities of the prior offenses to the alleged carjacking, the Court finds that the facts underlying defendant's three simple robbery convictions are relevant. The proffered evidence reflects that defendant engaged in conduct nearly identical to the conduct alleged—using a gun to take a victim's possessions, including a car in two instances, by force or intimidation.[11] The relevance of an extrinsic offense "is a function of its similarity to the offense charged." *Beechum*, 582 F.3d at 911. Evidence of

---

[11]   *Compare* R. Doc. 23-1 at 3; R. Doc. 23-2 at 3; R. Doc. 23-3 at 2, *with* R. Doc. 1 at 1–2.

8

the facts underlying the simple robbery convictions are relevant because they provide evidence of the same mental state at issue here. "Once it is determined that the extrinsic offense requires the same intent as the charged offense and that the jury could find that the defendant committed the extrinsic offense, the evidence satisfies the first step under rule 404(b)." *Id.* at 913; *see also United States v. Crawley*, 533 F.3d 349, 354 (5th Cir. 2008) (holding that extrinsic evidence is relevant to the issue of intent when it showed that defendant "acted with the same specific intent in 2002 as he had in 1999"). The extrinsic offense is therefore relevant to an issue other than propensity because it reduces the likelihood that the defendant committed the charged offense without the requisite intent. *Id.*

The Court must also determine whether the probative value of the evidence is substantially outweighed by a danger of unfair prejudice. The Fifth Circuit has identified a number of factors for a district court to consider in this analysis, including the government's need for the extrinsic evidence, the similarity between the extrinsic and charged offenses, the amount of time separating the two offenses, and the impact of the court's limiting instructions. *See Smith*, 804 F.3d at 736 (quoting *Kinchen*, 729 F.3d at 473).

The government seeks to use evidence of the convictions and underlying facts from all three simple robbery convictions. The Court finds that admitting all three episodes as other acts would be unfairly prejudicial, would unduly delay the proceedings, and needlessly present cumulative evidence. Proof of one prior episode of relatively recent conduct that is nearly identical to the charged offense satisfies the government's need for evidence relevant to the specific intent element of the carjacking charge. Its need for two more highly similar incidents is low. Presenting the factual details underlying all three simple robbery convictions will delay the trial by consuming time on needlessly cumulative evidence and could confuse the jury. *Beechum* recognized that "the more closely the extrinsic offense resembles the charged offense, the greater the prejudice to the defendant." *Beechum*, 582 F.2d at 915 n.20. But *Beechum* also recognized that this prejudice can be outweighed by the probative value. *Id.* at 915. Here, admitting evidence of three nearly identical episodes multiplies the prejudice without a commensurate increase in probative value. The Court finds that admitting evidence of all three prior acts presents dangers that substantially outweigh the probative value of doing so.

But the Court finds that the government may use the conviction for and underlying facts of defendant's May 16, 2022, offense to demonstrate

10

the specific intent element of Count 1. In considering the admissibility of this conduct, as opposed to all three occurrences, the Court finds the probative value of the evidence is not substantially outweighed by its undue prejudice. The government has shown a need for the evidence, because it must prove that defendant specifically intended to cause death or serious bodily harm in Count 1. Evidence of the act itself is not evidence of specific intent, and specific intent is difficult to establish. *See United States v. Kington*, 875 F.2d 1091, 1096 (5th Cir. 1989) ("Specific intent is generally hard to define and hard to prove."). The amount of time separating the present offense and the prior act is merely two years. This weighs in favor of the probative value of the evidence. *See Beechum*, 582 F.2d at 915 ("[T]emporal remoteness depreciates the probity of the extrinsic offense."). Additionally, the prior mental state of the conduct underlying the conviction is similar to the mental state at issue here. *Holloway v. United States*, 526 U.S. 1, 6–7, 119 S. Ct. 966, 969, 143 L. Ed. 2d 1 (1999) ("[A] person who points a gun at a driver, having decided to pull the trigger if the driver does not comply with a demand for the car keys, possesses the intent, at that moment, to seriously harm the driver[, which is the] forbidden intent."

This evidence is not unfairly prejudicial. Defendant pled not guilty to the offense at issue and seeks to hold the government to its burden of proof. "[T]he probative value of the extrinsic offense correlates positively with its likeness to the offense charged." *Beechum*, 582 F.2d at 915. Although the more similar the evidence, the greater its prejudice to the defendant, here, the evidentiary value of the evidence as to the specific intent element of Count 1 is disproportionately greater than the unfair prejudice occasioned by admitting it. Further, the evidence is not cumulative, will not unduly delay the trial, and will not waste the jury's time. Finally, prejudice can be minimized with a limiting instruction. Accordingly, the Court will issue a limiting instruction that the jury may consider this extrinsic evidence only for the limited purpose of proving defendant specifically intended to kill or seriously harm the victim in Count 1.

### B. Admissibility as to Count 2—Brandishing a Firearm

The government also asserts that the facts underlying defendant's three simple robbery convictions are relevant to Count 2, brandishing of a firearm in furtherance of a crime of violence, to prove that it was not a mistake or accident.[12] The government's absence of mistake or accident argument fails. Extrinsic evidence must be "relevant to an issue in play,"

---

[12] R. Doc. 23 at 8.

and "[u]nlike intent, absence of mistake or accident need not be proved by the government unless raised by the defense." *United States v. McCall*, 553 F.3d 821, 828 (5th Cir. 2008). Defendant states that he does not plan to raise mistake or accident as a defense; instead, he plans to argue that he did not commit the crimes.[13] Matthews's defense does not make evidence of his prior conduct relevant to the issue of absence of mistake as to Counts 2.

### C. Admissibility as to Count 3—Felon in Possession

The government seeks to admit evidence of Matthews's two prior convictions for being a felon in possession of a firearm from case number 554-893 in Orleans Parish Criminal District Court to prove knowledge, intent, and absence of mistake as to Count 3, charging defendant with being a felon in possession of a firearm.[14] The government offered certified evidence of Matthews's convictions of these offenses from case number 554-893.[15] The Court finds that the certified court records provide sufficient evidence from which a jury could reasonably find, by a preponderance of the evidence, that Matthews was convicted two times of felon in possession. *See* Fed. R. Evid. 104(b).

---

[13] R. Doc. 42 at 8.
[14] R. Doc. 23 at 8.
[15] R. Doc. 23-6 at 6.

For the same reasons discussed above, the government's absence of mistake or accident arguments fail. Evidence of defendant's prior felon-in-possession convictions are not relevant to the issue of absence of mistake or accident as to Count 3, because defendant does not intend to raise those as defenses. The Court can reconsider this holding if defendant alters his defense.

But defendant's prior felon in possession convictions are relevant to the his knowledge and intent in Count 3. Because the firearm was allegedly found in the automobile in which Matthews was the sole occupant,[16] Count 3 is a constructive possession case, requiring the government to prove possession by showing the defendant exercised dominion or control over the area in which the weapon was found. *See United States v. Jones*, 484 F.3d 783, 787 (5th Cir. 2007); *see also United States v. Williams*, 620 F.3d 483, 489 (5th Cir. 2010) ("The paradigmatic constructive possession scenario in which contraband is found under the defendant's seat in a car presents a classic case for introducing prior instances of gun possession, since the government would otherwise find it extremely difficult to prove that the charged possession was knowing." (internal quotation marks

---

16    *Id.* at 2.

14

omitted) (quoting *Jones*, 484 F.3d at 790)). "In constructive possession cases, knowledge and intent are frequently at issue[, because a] defendant will often deny any knowledge of a thing found in an area that is under his control (*e.g.*, a residence, an automobile) or claim that it was placed there by accident or mistake." *Jones*, 484 F.3d at 788. Therefore, evidence of the prior felon in possession convictions are relevant to the issue of constructive possession. *See Williams*, 620 F.3d at 489 ("In the context of a weapon-possession case, Rule 404(b) evidence of intent is relevant to a theory of constructive possession.").

This evidence's probative value is not substantially outweighed by its undue prejudice. The probative value is high. "Prior acts, especially those involving possession, are 'highly probative' of a defendant's intent." *Id.* at 491. The government's need for the evidence is high. Here, the results from the DNA test, with samples taken from the firearm and from Matthews, were inconclusive. Additionally, in a constructive possession case, the government must prove that the defendant "(1) knew that the thing was present, and (2) intended to exercised dominion or control over it." *Jones*, 484 F.3d at 787. Evidence of prior gun possession helps to show this knowledge and intent. *See Williams*, 620 F.3d at 489 (explaining that prior gun possession evidence is often critical to proving knowledge and

15

intent in constructive possession cases). Further, the offenses are similar, and the amount of time separating the offenses is small. The Court finds that undue prejudice will be minimized by a limiting instruction that this evidence may be used only to show defendant's knowledge and intent with respect to constructive possession of the firearm on Count 3.

The admissibility of these prior convictions is not affected by defendant's offer to stipulate that he has been previously convicted of a felony.[17] Defendant's status as a felon is an element of Count 3. *See United States v. Ortiz*, 927 F.3d 868, 874 (5th Cir. 2019) (the government must prove that "before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year."). But that is a separate element from possession, as to which the Court finds Rule 404(b) evidence admissible.

It is true that in *Old Chief v. United States*, 519 U.S. 172 (1997), the Supreme Court held that it was an abuse of discretion for a trial court to admit evidence of the defendant's past felonies to prove the prior-conviction element of 18 U.S.C. § 922(g)(1), when the defendant offered to stipulate that he was a convicted felon and the prior felony's only use was to prove the element of prior conviction. *Old Chief*, 519 U.S. at 191–92. The

---

[17] R. Doc. 52.

Court recognized that the risk of undue prejudice "will be substantial whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning," especially when the prior conviction was for "a gun crime or one similar to other charges in a pending case." *Id.* at 185. But *Old Chief* considered only the instance "when the purpose of the evidence is *solely* to prove the element of prior conviction." *Id.* at 174 (emphasis added). An *Old Chief* stipulation "normally arises only when the record of conviction *would not be admissible for any purpose beyond proving status*, so that excluding it would not deprive the prosecution of evidence with multiple utility." *Id.* at 190 (emphasis added). But the *Old Chief* decision recognized that if "there were a justification for receiving evidence of the nature of prior acts on some issue other than status (*i.e.*, to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,' Fed. Rule Evid. 404(b)), Rule 404(b) guarantees the opportunity to seek its admission." *Id.*

The two felon in possession convictions are relevant to defendant's knowledge and intent with respect to his constructive possession of the firearm, an element of the offense separate from the element of his felon status. *See Ortiz*, 927 F.3d at 874 (the government must prove that

17

"defendant knowingly possessed a firearm as charged," and that "defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year."). In *United States v. Hood*, No. 21-13903, 2025 WL 1454356 (11th Cir. May 21, 2025), the Eleventh Circuit reasoned that "because the government's burden to prove that [defendant had a felony conviction] is separate from its burden to prove that he knowingly possessed a firearm, his stipulation to the former does not bar the government's introduction of evidence intended to satisfy the latter requirement." *Id.* at *6; *see also United States v. Dominick*, No. CR 24-44, 2025 WL 1593077, at *14 (E.D. La. June 5, 2025) (same). Defendant's stipulation that he was a prior felon is not probative of whether he knowingly possessed a firearm in the offense charged. Therefore, the Court finds that the two felon in possession convictions are admissible under Rule 404(b) for the limited purpose of demonstrating knowledge and intent with respect to constructive possession of the firearm under Count 3.

### III.   CONCLUSION

For the foregoing reasons, the Court HOLDS that evidence of Matthews's May 16, 2022, simple robbery conduct and subsequent conviction is admissible to prove the specific intent element of the carjacking count, and that his prior felon in possession convictions are

18

admissible to prove knowledge and intent to possess the firearm in Count 3. The government's proffered Rule 404(b) evidence is otherwise inadmissible.

New Orleans, Louisiana, this __17th__ day of June, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE