UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                              NO. 24-114

JOVANTE MATTHEWS                                              SECTION "R"

### ORDER AND REASONS

Defendant Jovante Matthews moves to redact the indictment, bifurcate the trial, and prohibit the introduction of evidence relevant to the sentencing allegation under the Armed Career Criminal Act ("ACCA") before the jury convicts of the base offense.[1]  For the following reasons, the Court bifurcates the trial and redacts the indictment.

### I.  BACKGROUND

On May 9, 2024, Defendant Jovante Matthews was indicted on three counts.[2]  Count three of the indictment charged Matthews with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and § 924(a)(8).[3]  The indictment identifies Matthews's prior convictions,

---

[1]   R. Doc. 41.
[2]   R. Doc. 1 at 1.
[3]   *Id.* at 2.  The other two counts charged in the indictment are carjacking in violation of 18 U.S.C. § 2119(1), Count 1, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), Count 2.  *Id.* at 1–2.

including prior simple robbery convictions.⁴ The indictment contains a sentencing enhancement pursuant to 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act of 1984 ("ACCA"), asserting that at least three of Matthews's previous convictions are for violent felonies committed on occasions different from one another.⁵

Defendant moved to bifurcate the trial in order to present the issue of whether defendant's prior convictions qualify for the ACCA enhancement at a separate phase of the trial, should the jury convict defendant on the base offense.⁶ The defendant also seeks to redact the indictment and limit the evidence presented.⁷ The Court considers the motion below.

## II.    LAW AND ANALYSIS

The ACCA, 18 U.S.C. § 924(e), provides that a person who violates Section 922(g) and has three previous convictions for violent felonies committed on different occasions is subject to a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e)(1). In 2024, the Supreme Court held that defendants have a Fifth and Sixth Amendment right to have a unanimous jury determine, beyond a reasonable doubt, if the three prior

---

4       *Id.*
5       R. Doc. 1 at 2.
6       R. Doc. 41-1 at 1.
7       *Id.*

convictions occurred on occasions different from one another. *Erlinger v. United States*, 602 U.S. 821, 835 (2024). The *Erlinger* court noted that requiring a jury to decide this question could result in prejudice because the jury would be confronted with evidence about the defendant's past crimes. The Supreme Court stressed that "traditional tools exist to address th[is potential] prejudicial effect," such as "bifurcat[ing] the proceedings." *Id.* at 847. The Court explained that, in a bifurcated proceeding, "a jury is first tasked with assessing whether the government has proved the elements of the § 922(g) felon-in-possession charge." *Id.* Then, and "only if it finds the defendant guilty, the jury turns to consider evidence regarding whether the defendant's prior offenses occurred on different occasions for purposes of applying ACCA's mandatory minimum sentence under § 924(e)." *Id.* at 847–48.

Other district courts that have confronted this issue have conducted bifurcated trials. *See United States v. Keys*, No. 24-CR-17, R. Doc. 88 (E.D.L.A. May 15, 2025) (conducting a second phase of trial on the ACCA sentencing allegation after the jury found defendant guilty of being a felon in possession); *United States v. Reese*, No. 24-CR-62, 2024 WL 3913152, at *4 (S.D.N.Y. Aug. 23, 2024) (finding "appropriate to redact the indictment for use at trial, bifurcate the trial, and prohibit the government from submitting

evidence relevant to the ACCA allegation unless and until the jury convicts defendant on the predicate felon-in-possession offense under Section 922(g)"); *United States v. Davis*, No. 24-CR-00393-SEH, 2025 WL 348535, at *1 (N.D. Okla. Jan. 30, 2025) (bifurcating a trial with an ACCA sentencing allegation); *United States v. Abarca*, No. 22-CR-20505, 2024 WL 1239478, at *1 (S.D. Fla. Mar. 21, 2024) (affirming a magistrate judge's report and recommendation recommending bifurcating a trial).

The Court orders the trial bifurcated. "[B]y sequencing and separating the jury's determinations, [the Court] decreases the likelihood that a jury will be overpersuaded by the defendant's prior criminal conduct." *Erlinger*, 602 U.S. at 848 (internal quotations omitted). The Court orders the government to redact the ACCA sentencing enhancement allegation from page three of the indictment and to redact the notice of forfeiture. The Court prohibits the government from submitting evidence on the ACCA allegation in its case-in-chief during the initial phase of the trial. The government's extrinsic evidence is limited to the evidence and purposes discussed in the Court's order concerning Rule 404(b) evidence.[8] There, the Court held that the government may use evidence of a May 16, 2022, robbery for which defendant was convicted as relevant to the specific intent element on Count

---

8    R. Doc. 88.

1 and may use two of defendant's felon in possession convictions as relevant to the issue of constructive possession on Count 3.[9]

If the jury convicts the defendant of the Count 3 felon-in-possession charge, then the Court will hold a second phase of trial. During this phase, the government may submit evidence on whether defendant was convicted of three prior violent felonies that occurred on occasions different from one another for the purposes of the ACCA enhancement. *See* 18 U.S.C. § 924(e).

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to redact the indictment and bifurcate the trial, the second phase of which, if necessary, will determine if defendant committed three prior felonies on occasions different from one another.

New Orleans, Louisiana, this __17th__ day of June, 2025.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

9    *Id.*