UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-114 |
| JOVANTE MATTHEWS | SECTION "R" |

### ORDER AND REASONS

The government submitted a notice of intent to offer certified domestic records of a regularly conducted activity under Federal Rule of Evidence 803(6) with a certification under Federal Rule of Evidence 902(11).[1] Defendant Jovante Matthews moved to disallow the evidence under Federal Rules of Evidence 403 and 404(b).[2] The Court holds that these records can be authenticated by the attached certified records and satisfy Rule 803(6).

## I. BACKGROUND

On May 9, 2024, Defendant Jovante Matthews was indicted on three counts.[3] Count 1 charged defendant with carjacking in violation of 18 U.S.C. § 2119(1).[4] Count 2 charged defendant with brandishing a firearm during and in relation to a crime of violence (carjacking) in violation of 18 U.S.C. §

---

[1]     R. Doc. 73.
[2]     R. Doc. 74.
[3]     R. Doc. 1 at 1–2.
[4]     *Id.* at 1.

1

924(c)(1)(A)(ii).[5] Count 3 charged defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[6] The indictment contained a sentencing enhancement pursuant to 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act of 1984 ("ACCA"), in which the government asserted that Matthews has three previous convictions for violent felonies committed on occasions different from one another.[7]

The government seeks to present evidence of four 911 call recordings and incident detail logs.[8] The four calls include one from the alleged carjacking at issue in this case, dated April 3, 2024, and three from three other robberies for which defendant was convicted, with one call on May 16, 2022, and two on May 18, 2022.[9]

The Court considers the notice below.

## II. LAW AND DISCUSSION

Under Federal Rule of Evidence 104, the district court must resolve preliminary questions regarding the admissibility of evidence. *See* Fed. R. Evid. 104(a). Federal Rule of Evidence 803(6) provides:

---

[5]    *Id.* at 2.
[6]    *Id.*
[7]    *Id.*
[8]    R. Doc. 73 at 4.
[9]    *Id.*

> A record of an act, event, condition, opinion, or diagnosis [is not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness,] if:
>> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>> (C) making the record was a regular practice of that activity;
>> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). The Rule states that the requisite conditions may be shown by a certification that complies with Rule 902(11), which provides that "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C)" is self-authenticating and requires no extrinsic evidence of authenticity to be admitted. Fed. R. Evid. 902(11). Rule 902(11) further provides that "[b]efore the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them." *Id.*

3

The government gave notice of two of the 911 calls on February 3, 2025,[10] and submitted a supplemental notice of intent as to the other two 911 calls on May 16, 2025.[11] The government submitted four certifications for the four 911 call records in the May 16 supplemental notice.[12] The government intends to use Rule 902(11) certifications for each of the 911 call recordings and incident detail logs to authenticate and lay the foundation for the 911 call records.[13]

Defendant's Rule 403 and 404(b) objections are premature.[14] Rule 403 deals with the exclusion of relevant evidence when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Rule 404(b) deals with the prohibition of other acts evidence when used to prove a person's character. Fed. R. Evid. 404(b). Neither is applicable to the issues here where the government seeks only to authenticate the proffered evidence and satisfy the business records exception to the hearsay rule in Federal Rule of Evidence 803(6). Defendant's objections go to the relevance and prejudicial

---

[10]   R. Doc. 59.
[11]   R. Doc. 73.
[12]   *See* R. Doc. 73-1, 73-2, 73-3, & 73-4.
[13]   *See* R. Doc. 73-1, 73-2, 73-3, & 73-4.
[14]   *See* R. Doc. 74.

4

effects of the evidence. To exclude the evidence for the purposes offered by the government, the defendant must show that the government did not give him a fair opportunity to challenge the record and certification under Rule 902(11), that the certifications fail to satisfy the conditions of Rule 803(6)(A)–(C), or that the source of the information or the method or circumstances of preparation of the certifications indicate a lack of trustworthiness under Rule 803(6)(E). Defendant made no such arguments here.

Therefore, while defendant preserves objections as to admissibility on other grounds, he has not raised a viable objection to the evidence on the grounds that the government offered it. Based on its review of the certifications under Rule 803(6), the Court holds that these records can be authenticated by the attached certified records and that the records satisfy the hearsay exception under Rule 803(6). *See, e.g.*, *United States v. Cooper*, No. CR 23-131, 2025 WL 317650, at *3 (E.D. La. Jan. 28, 2025) (allowing certified records of 911 calls under Federal Rules of Evidence 803(6) and 902(11)).

### III. CONCLUSION

For the foregoing reasons, the Court HOLDS that Federal Rule of Evidence 803(6) is satisfied by the authenticated certified records provided

and DENIES defendant's motion in opposition. Defendant's objections to the evidence on other grounds are preserved.

New Orleans, Louisiana, this __17th__ day of June, 2025.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE