UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                            NO. 24-114

JOVANTE MATTHEWS                              SECTION "R"

**ORDER AND REASONS**

The indictment against defendant Jovante Matthews charges a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  Matthews moved to strike the sentencing enhancement under Federal Rule of Criminal Procedure 12(b)(1) and 12(b)(3)(B).[1]  The government opposed the motion.[2]

Matthews has since filed pleadings acknowledging that he is an armed career criminal under 18 U.S.C. § 924(e).[3]  The Court thus DENIES the motion AS MOOT.

---

[1]    R. Doc. 32.

[2]    R. Doc. 35.

[3]    R. Doc. 118 at 3 ("As an armed career offender the defendant is already facing a significantly enhanced sentencing guideline range.").  *See also* R. Doc. 114 ("The undersigned AUSA has spoken to defense counsel and to the United States Probation Officer concerning these guidelines and believe that both agree that the defendant is not a 'Career Offender,' but is correctly designated as an 'Armed Career Criminal' in accordance with these guidelines.").

Even had Matthews not agreed that the Armed Career Criminal sentencing enhancement was properly applied, the Court finds it applies for the following reasons.

## I.   BACKGROUND

On May 9, 2024, Matthews was indicted on three counts: carjacking in violation of 18 U.S.C. § 2119(1), brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[4] Count three identifies Matthews's prior felony convictions, including three counts of simple robbery under La. Rev. Stat. § 14:65.[5] The indictment contains a sentencing enhancement under the ACCA, 18 U.S.C. § 924(e)(1), in which the government alleges that Matthews's previous felony offenses are violent felonies committed on occasions different from one another.[6]

---

[4]   R. Doc. 1, at 1-2.  The other two counts charged in the indictment are carjacking in violation of 18 U.S.C. § 2119(1), Count 1, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), Count 2.  *Id.* at 1–2.

[5]   *Id.*   Matthews' two other felony convictions are two counts of attempted possession of a firearm by a felon, obstruction of justice, possession of a firearm by a felon, and two counts of possession of a firearm.  *Id.*

[6]   R. Doc. 1 at 2; R. Doc. 35 at 1.

A jury found Matthews guilty of all three counts.[7]  The same jury, in a second phase, found beyond a reasonable doubt "that the three prior offenses which led to Jovante Matthews's three simple robbery convictions took place on occasions different from one another."[8]

Matthews moved to strike the sentencing allegation in the indictment, arguing that his prior convictions do not constitute violent felonies considering under U.S. Supreme Court and Fifth Circuit precedent.[9]  The Court explains below why Matthews' prior simple robbery convictions satisfy the ACCA.

## II.   ANALYSIS

The ACCA provides that a person who violates Section 922(g) and has three previous "violent felony" convictions committed on different occasions is subject to a mandatory minimum sentence of fifteen years.  18 U.S.C. § 924(e).  A "violent felony" is any crime punishable by imprisonment for over one year that "has an element [that includes] the use, attempted use, or threatened use of physical force against the person of another."  *Id.*

---

[7]     R. Doc. 98.
[8]     R. Doc. 99.
[9]     R. Doc. 32-1 at 1.

The Supreme Court has held that the ACCA's use of force clause covers offenses with a purposeful or knowing *mens rea* but excludes reckless or negligent conduct. *Borden v. United States*, 593 U.S. 420, 429, 445 (2021); *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). Relying on *Borden*, in *United States v. Garner*, the Fifth Circuit held that Louisiana's aggravated assault with a firearm statute, La. Rev. Stat. § 14:37.4, did not qualify as a "crime of violence" because it was a general intent crime that, as interpreted by Louisiana courts, may be committed with reckless or negligent intent. 28 F.4th 678, 680–84 (5th Cir. 2022). Although *Garner* interpreted the force clause in the U.S. Sentencing Guidelines, and *Borden* interpreted the force clause in the ACCA, the Fifth Circuit treats its precedent under the ACCA force clause identically to its decisions interpreting the force clause of the Sentencing Guidelines. *See Garner*, 28 F.4th at 682; *see also United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) ("Because of the similarities between U.S.S.G. §§ 2L1.2(b)(1)(A), 4B1.2(a), 4B1.4(a), and 18 U.S.C. § 924(e), we treat cases dealing with these provisions interchangeably.").

Under Louisiana law, simple robbery is, like aggravated assault, a general intent crime. La. Stat. Ann. § 14:65(A); *see also State v. Davis*, 111 So. 3d 100, 103 (La. App. 1 Cir. 2012) ("Simple robbery is a general intent crime."). But that does not end the inquiry. In *Garner*, the Fifth Circuit

reasoned that aggravated assault was not a crime of violence in Louisiana, because it was a general intent crime that could be committed with reckless or negligent intent as interpreted by Louisiana courts.  28 F.4th at 680–84. The Fifth Circuit pays "close attention to whether there is also a Louisiana state court case demonstrating that a conviction has been upheld for the particular Louisiana offense based on a *mens rea* of recklessness or negligence." *United States v. King*, 155 F.4th 341, 346 (5th Cir. 2025).

To hold that a state crime is not a violent felony, the Fifth Circuit requires proof that there is a "realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside" the definition.  *United States v. Reyes-Contreras*, 910 F.3d 169, 184 (5th Cir. 2018).  To prove that there is a realistic probability that a state-law conviction can be obtained with an ineligible state of mind, the defendant "must at least point to his own case or other cases in which the state courts in fact did apply the statute" to a conviction with a *mens rea* of recklessness or negligence. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). "[I]nterpreting a state statute's text alone is simply not enough to establish the necessary 'realistic probability.'"  *Reyes-Contreras*, 910 F.3d at 185 (quoting *United States v. Castillo-Rivera*, 853 F.3d 218, 223 (5th Cir. 2017) (en banc)).

Defendant pointed to one case, *State v. Robinson*, 713 So.2d 828 (La. App. 5 Cir. 1998), to argue that a person can be convicted of simple robbery based on negligent or reckless intent.[10]  There, the court held that defendant's actions, though not outwardly threatening, served to intimidate the victim, satisfying the "use of intimidation" element of the robbery statute.  *Id.* at 830.  But this case did not discuss intent or the *mens rea* requirement for simple robbery.  Instead, Robinson's appeal focused on whether "the state failed to show that he used force or intimidation." *Robinson*, 713 So. 2d at 830.  This case analyzed the accused's *actus rea*, not his *mens rea*.

The Fifth Circuit understood *Robinson* as a case in which the defendant made verbal demands on the cashier, which was an indirect intimidation tactic that carried an implied threat of physical force.  *United States v. James*, 950 F.3d 289, 294 (5th Cir. 2020).  *Robinson* did not discuss or imply whether simple robbery requires a recklessness or knowing standard, and Robinson's intent was not mentioned in the case.

Matthews pointed to no case to support the proposition that there is a realistic probability that the state-law conviction for simple robbery can be obtained with a reckless or negligent *mens rea*.  Therefore, his simple

---

[10]     R. Doc. 32-1 at 6–7.

robbery convictions qualify as ACCA violent felonies, even though simple robbery is a general intent crime.

## III.  CONCLUSION

For the forgoing reasons, the Court DENIES defendant's motion to dismiss the sentencing enhancement in the indictment AS MOOT.

New Orleans, Louisiana, this __6th__ day of May, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE