UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 24-114 |
| JOVANTE MATTHEWS | SECTION R (4) |

# ORDER AND REASONS

Before the Court is the Government's memorandum seeking restitution.[1] In response, defendant Jovante Matthews opposes the amount of restitution sought in the Government's memorandum.[2] For the following reasons, the Court orders the Government to submit a supplemental memorandum addressing the issues raised in this Order.

## I. BACKGROUND

On April 3, 2024, in New Orleans, Louisiana, a man later recognized as defendant Jovante Matthews approached another man, pointed a firearm at his head, and demanded the keys to his work truck ("the DiGiovanni truck").[3] This truck was owned by DiGiovanni Construction.[4] Defendant took the keys

1 R. Doc. 132.
2 R. Doc. 139.
3 R. Doc. 116 at 5.
4 *Id.*

and fled the scene in the DiGiovanni truck.[5] About an hour and fifteen minutes later, a police officer recognized the DiGiovanni truck at the corner of Lakeshore Boulevard and Franklin Avenue.[6] The officer pursued the DiGiovanni truck as it attempted to flee, and the officer detained the driver of the DiGiovanni truck after the driver disregarded a stop sign and collided with another large truck.[7] This truck was owned by Delta SOD ("the Delta SOD truck").[8] The Government represents that both the DiGiovanni truck and the Delta SOD truck were totaled in the wreck.[9] The sole occupant of the DiGiovanni truck was defendant.[10]

On June 24, 2025, a jury found defendant guilty of carjacking in violation of 18 U.S.C. § 2119(1), brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and being a felon in possession of a firearm and armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[11]

---

5 *Id.*
6 *Id.* at 6.
7 *Id.*
8 R. Doc. 132 at 1.
9 *Id.*
10 R. Doc. 116 at 6.
11 R. Doc. 97.

On May 13, 2026, defendant was sentenced.[12] In the presentence report ("PSR"), the Office of Probation indicated that the Government had submitted a letter from Traveler's Insurance ("Traveler's"), the insurer of the Delta SOD truck, requesting $28,681 in restitution.[13] But at the time of the sentencing hearing, the Court was unable to ascertain the full extent of the victims' losses.[14] The Court thus deferred its determination of defendant's restitution obligations until a restitution hearing could be held pursuant to 18 U.S.C. § 3664(d)(5).[15] On May 18, 2026, the Court ordered the Government to file a memorandum detailing the amount of restitution it contends is owed and any supporting documentation.[16] The Court also ordered defendant to file a response stating his position as to the amount of restitution owed and any supporting documentation.[17]

The Court considers the memorandum and response below.

## II. LEGAL STANDARD

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A–3664, authorizes restitution "to a victim directly and proximately

12 R. Doc. 126.
13 R. Doc. 116 at 7.
14 R. Doc. 127.
15 *Id.*
16 *Id.*
17 *Id.*

harmed by a defendant's offense of conviction." *United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012) (quoting 18 U.S.C. § 3663A(a)(1)). But "[a]n award of restitution greater than a victim's actual loss exceeds the MVRA's statutory maximum." *Sharma*, 703 F.3d at 322.

The MVRA provides, in relevant part, that:

> Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government.

18. U.S.C. § 3664(e).

The Fifth Circuit has interpreted the MVRA to establish a "burden-shifting framework for loss-amount calculations." *United States v. Borino*, 123 F.4th 233, 247 (5th Cir. 2024). Under this framework, "if the government carries its burden of demonstrating the actual loss sustained by a victim by a preponderance of the evidence, the burden shifts to the defendant to show an entitlement to an offset against the amount of the actual loss." *Id.* Finally, "[i]f the defendant satisfies his burden, the government can rebut with additional evidence." *Id.*

In determining the amount of restitution, "every dollar must be supported by record evidence." *Sharma*, 703 F.3d at 323. The Court "may rely on actual-loss amounts in the PSR if the amounts have an adequate

evidentiary basis and remain unrebutted by the defendant." *Borino*, 123 F.4th at 247.

## III. DISCUSSION

The Government represents that it reached out to DiGiovanni Construction and Delta SOD for the purpose of determining restitution.[18] DiGiovanni Construction did not provide the Government with any information or documents concerning its loss. The Government therefore does not seek restitution for the DiGiovanni truck.[19] As for the Delta SOD truck, Traveler's contacted the Government.[20] Traveler's indicated that it had paid the claim on the Delta SOD truck and would like to receive the restitution owed by the defendant for their loss.[21] Traveler's provided the Government with a letter requesting restitution as well as documentation indicating the loss amount, which Traveler's alleged to total $28,681.[22]

The MVRA permits payment of restitution to insurers of victims. It provides, in relevant part, that:

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to

---

18 R. Doc. 132 at 2.
19 *Id.*
20 *Id.*
21 *Id.*
22 *Id.*

> provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

18 U.S.C. § 3664(j)(1).

The Government asserts that Traveler's is entitled to restitution in the amount that it requested: $28,681.[23] Defendant responds that this amount exceeds the maximum actual loss amount permitted by the MVRA.[24]

The Court finds that it is clear that Traveler's is entitled to restitution, but the Government has failed to establish that $28,681 is the correct amount of restitution under the MVRA. The Court is unable to determine from the paperwork Traveler's provided how it arrived at the $28,681 requested. Traveler's paperwork supports a finding that Delta SOD suffered a $30,500 loss.[25] Traveler's records show that the Delta SOD truck's frame was bent, that the truck could not be repaired, and that it was a total loss under the policy.[26] Traveler's estimated the value of the loss at $30,500 based on comparable sales data from AutoBid for trucks of the same make, model, and year.[27] But Traveler's submits payment details purportedly

---

23 *Id.*
24 R. Doc. 139 at 1.
25 R. Doc. 132-1 at 3.
26 *Id.*
27 R. Doc. 132-3.

supporting its demand for $28,681 indicating that it paid Delta SOD $30,086 (not $30,500) on August 1, 2024, and that there was a salvage credit of $3,905 from Traveler's salvage sale to Insurance Auto Auctions.[28] The difference between the amount paid to Delta SOD and the salvage credit is $26,181, not $28,681.

The Court also notes that Traveler's records reflect that the policy was subject to a $2,500 deductible, but that no reduction was applied for the deductible.[29] It appears that Traveler's is including the amount of the deductible that it didn't apply against its insured to its restitution claim against Matthews. But the Government has not shown how Traveler's, who is not the victim in this case, would be entitled to recover its deductible from Matthews. *See United States v. Thompson*, 792 F.3d 273, 279 (2d Cir. 2015) ("third-party providers of compensation are not themselves 'victims' for the purposes of the MVRA"); *see also United States v. Frazier*, 651 F.3d 899, 907–08 (8th Cir. 2011) ("As a preliminary matter, restitution is based on compensating for a victim's losses. [Insurer] is not a victim. Thus it is not appropriate to determine the amount of restitution based on [insurer's] out-of-pocket cost.").

---

28 R. Doc. 132-2 at 1.
29 *Id.*

Accordingly, the Court ORDERS that the Government file a supplemental memorandum with documentation addressing the issues raised in this Order.

New Orleans, Louisiana, this 11th day of September, 2026.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE